UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Jerry Lewis Bey, #22328-044**, | ) C/A No.  3:05-1344-HFF-JRM |
| Petitioner, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| John Lamanna (Warden), | ) |
| Respondent. | ) |

# INTRODUCTION

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the Court by a federal prison inmate, *pro se*.[1] Petitioner is currently housed at FCI-Edgefield in Edgefield, South Carolina.  He was convicted on serious RICO/drug conspiracy-related charges following a lengthy jury trial in the United States District Court for the Eastern District of Missouri in 1993.  *See* USA v. Hamell, Criminal Action No. 4:91-cr-00001-CDP-04.[2]  Petitioner received a life sentence on some counts of the charges against him as well as concurrent ten-year sentences on remaining counts.  The convictions and sentences were affirmed by the Eighth Circuit Court of Appeals on direct appeal.  *See* U.S. v. Darden, 70 F.3d 1507 (8th Cir. 1995).

In the Petition filed in this case, Petitioner claims that his legal counsel failed to raise any sentencing issues in the direct appeal, and that an unsuccessful "Rule 33 motion" filed by counsel in the sentencing court was treated as his initial § 2255 motion.  Review of the docket of the Eastern

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.  *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

[2] Petitioner's last name is listed on the Eastern District of Missouri's docket as "Lewis-Bey" and he is shown as defendant number 04 in a case that involved Petitioner and 14 co-defendants.

District of Missouri discloses that this motion was denied on the merits in November 2000. Petitioner's appeal from that decision was unsuccessful. *See* <u>Lewis-Bey v. U.S.A.</u>, Case no. 01-1342 (8th Cir., Nov. 12, 2001). In June 2004, the Eighth Circuit Court of Appeals also denied Petitioner's request for permission to file a second/successive § 2255 motion. *See* <u>Lewis-Bey v. U.S.A.</u>, Case nos. 04-1119/04-1297 (8th Cir., June 3, 2004).

Petitioner now brings this Petition pursuant to 28 U.S.C. § 2241 in the District of his current confinement. According to Petitioner, he is challenging the "duration of his confinement." He claims that the life sentence that he was given in 1993 violates his 5th and 6th Amendment rights because it was the result of a sentencing guidelines enhancement made in reliance on certain facts that were neither charged in his indictment nor found by the jury at his trial. Petitioner's current claims are primarily based on certain United States Supreme Court opinions which were decided nearly a decade after his sentences became final. He claims that he is entitled to raise his present claims in this Court rather than in the Eastern District of Missouri because, according to Petitioner, the § 2255 remedy is inadequate and ineffective in his case. Insofar as can be determined from Petitioner's allegations in this regard, he believes that his present claims should fall within the § 2255 "savings clause" which permits use of a § 2241 petition to raise challenges to his sentences because the Eighth Circuit has refused to authorize him to bring a second/successive § 2255 motion. He also alleges that he is "actually innocent" because the sentencing enhancements were based on uncharged and unproven alleged criminal activity.

## PRO SE REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case. The review was conducted pursuant to the procedural provisions

of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-25 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Maryland House of Correction</u>, 64 F.3d 951 (4th Cir. 1995); <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983); <u>Boyce v. Alizaduh</u>, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see* <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); <u>Cruz v. Beto</u>, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *See* <u>Fine v. City of New York</u>, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* <u>Weller v. Department of Social Servs.</u>, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

## **DISCUSSION**

The threshold question in this case is whether Petitioner's claims are properly raised in this Court through a § 2241 habeas petition. Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See* <u>In re Jones</u>, 226 F.3d 328, 334 (4th Cir. 2000); <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3d Cir. 1997). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See* <u>Charles v. Chandler</u>,

180 F.3d 753, 756 (6th Cir. 1999)(collecting cases from other circuits).  According to at least one court, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994).  Regardless of the language in which Petitioner chooses to couch his Petition, it is clear that he is attempting, by way of the Petition in this case, to challenge the *validity* of his life sentence.  He is not challenging the *execution* of an otherwise valid sentence because he is saying that his sentence is now constitutionally invalid.  As a result, he must bear the burden of proving that his claims should be heard by this Court under the "savings clause" of § 2255, because claims such as his are of the type that should ordinarily be raised through § 2255 motions.

Section 2241 may be used by a federal prisoner to challenge the legality of his sentence only if he can satisfy the mandates of the so-called § 2255 "savings clause." *See* Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001).  The savings clause provides that a prisoner may file a writ of habeas corpus (under § 2241) if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255.  The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *See* Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).  It is settled in this circuit as well as in other circuits that the possibility that a second § 2255 petition filed by a prisoner might be found untimely, successive, or otherwise procedurally barred does not render the § 2255 remedy inadequate or ineffective. *See* In Re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)(*en banc*).[3]

---

[3] *See also* In re Jones, 226 F.3d at 333.  *Accord* Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999); Tanksley v. Warden, 2000 WL 1140751(6th Cir., Aug 08, 2000) (unpublished opinion); Ward v. Snyder, 2000 WL 1871725 (6th Cir., Dec 12, 2000)(unpublished opinion); Gonzales v. Snyder, 2000 WL 636908 (8th Cir., May 18, 2000)(same); Elzie v. Pugh,1999 WL 734453 (10th Cir., Sept. 21, 1999)(same); Onaghise v. Bailey, 1999 WL 613461 (9th Cir., Aug 12, 1999)(same).

4

As previously noted, Petitioner attempts to argue that the § 2255 remedy is inadequate and ineffective in his case because he has been prevented from filing a second § 2255 by the Eighth Circuit. This argument is unavailing in light of In re Vail.

Furthermore, Petitioner's unsupported claim of actual innocence is unavailing to him as well. He does not claim that he has some newly discovered evidence or circumstances that now show that he is not guilty of the RICO and drug conspiracy charges on which he was convicted. Instead, his claims are that he is not guilty of some of the uncharged activity that the sentencing judge relied on to enhance his sentence. These are not the type of claims that this Court should consider via § 2241 under an "actual innocence" claim. Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). There is some authority for the proposition that if a petitioner seeking to raise new claims through a § 2241 petition cannot establish cause and prejudice for his or her failure to raise the issues previously, he or she can still possibly obtain review of his or her additional constitutional claims by showing that his or her case "falls within a narrow class of cases implicating a fundamental miscarriage of justice. Proving 'actual innocence' is a way to demonstrate that one's case falls within that narrow class." Cornell v. Nix, 119 F.3d 1329, 1333 (8th Cir. 1997). However, in the present case, Petitioner's actual innocence claim is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the charges of which he was convicted. *See* Schlup v. Delo, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical

physical evidence--that was not presented at trial"); Thompson v. United States, 211 F.3d 1270 (6th Cir. 2000)(Table)(text available on Westlaw)(bare allegations of actual innocence as to the charge to which the petitioner pleaded guilty are not facially adequate to invoke exceptional review of a conviction under § 2241).

Finally, even if this Court were the proper Court to consider Petitioner's claims, they should not be looked upon favorably in light of the weight of current authority throughout the country. Although the Fourth Circuit has not yet definitively spoken on the issue of Booker retroactivity,[4] several other federal courts have done so and have found the case unavailable for use as a basis for collateral attacks such as that Petitioner seeks to make in this case. *See, e.g.*, U.S. v. Price, 400 F.3d 844 (10th Cir. 2005)(2255); Varela v. U.S., 400 F.3d 864 (11th Cir. 2005)(2255); Cooper-Smith v. Palmateer, 397 F.3d 1236 (9th Cir. 2005)(2254); In re Anderson, 396 F.3d 1336(11th Cir. 2005)(Booker not a ground for successive 2255); In re Dean, 375 F.3d 1287(11th Cir. 2004)(same; Blakely); Lindsey v. Jeter, 2005 WL 550380 (N.D. Tex., Mar. 08, 2005)(2241); Thomas v. Jeter, NO. CIV.A. 4:04-CV-801-Y, 2005 WL 623503 (N.D. Tex., Mar. 16, 2005)(2241).

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 Petition in this case be dismissed without prejudice and without requiring Respondent to file a return. *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir.1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burdens placed on respondents caused by ordering an unnecessary answer or return); Baker v. Marshall, 1995 WL 150451 (N.D. Cal. March 31, 1995)("The District Court may enter an order for

---

[4] *But see* U.S. v. Marshall, 2004 WL 2980733 n. * (4th Cir., Dec. 22, 2004)(recognizing that other courts have found it not retroactive); U.S. v. Smith, 2004 WL 2368076 n. * (4th Cir., Oct. 21, 2004)(same).

the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner's attention is directed to the important notice on the next page.

                Respectfully submitted,

                s/Joseph R. McCrorey  
                United States Magistrate Judge

May 24, 2005  
Columbia, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**
